UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOLLENA RICHELLE MILLER

                    Plaintiff,

       v.

NANCY A. BERRYHILL,[1] Commissioner of
Social Security,

                    Defendant.
_____

**DECISION
and
ORDER**

**17-CV-001108F
(consent)**

APPEARANCES:          LAW OFFICES OF KENNETH R. HILLER, PLLC
                               Attorneys for Plaintiff
                               BRANDI CHRISTINE SMITH, of Counsel
                               6000 Bailey Avenue
                               Suite 1A
                               Amherst, New York 14226

                               JAMES P. KENNEDY, JR.
                               UNITED STATES ATTORNEY
                               Attorney for Defendant
                               Assistant United States Attorney, of Counsel
                               Federal Centre
                               138 Delaware Avenue
                               Buffalo, New York 14202, and

                               ANDREEA LAURA LECHLEITNER
                               Special Assistant United States Attorney
                               United States Attorney's Office
                               c/o Social Security Administration
                               26 Federal Plaza
                               Room 3904
                               New York, New York 10278

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn Colvin as the defendant in this suit. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On June 19, 2018, the parties consented, pursuant to 28 U.S.C. § 636(c) and a Standing Order (Dkt. No. 8), to proceed before the undersigned. (Dkt. No. 8-1). The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on motions for judgment on the pleadings, filed on August 6, 2018 by Plaintiff (Dkt. No. 10), and on August 10, 2018, by Defendant (Dkt. No. 11).

## BACKGROUND and FACTS

Plaintiff Dollena Miller ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant"), decision denying her application for disability benefits under Title II of the Act ("disability benefits"). Plaintiff, born on August 29, 1958, (R. 120), alleges that she became disabled on January 23, 2014, when she stopped working as a result of a torn collateral ligament, left elbow fracture, hypertension, chronic pain, and diabetes. (R. 141).

Plaintiff's application for disability benefits was initially denied by Defendant on July 29, 2015 (R. 57), and, pursuant to Plaintiff's request, a hearing was held before Administrative Law Judge William Weir ("Judge Weir" or "the ALJ") on March 31, 2017, in Buffalo, New York, where Plaintiff, represented by James McNeill, Esq. ("McNeill") appeared and testified. (R. 31-56). Vocational expert ("VE") Michelle Urbocker also testified. The ALJ's decision denying Plaintiff's claim was rendered on April 20, 2017. (R.15-24). Plaintiff requested review by the Appeals Council, and on September 5, 2017, the ALJ's decision became Defendant's final decision when the Appeals Council

denied Plaintiff's request for review. (R. 1-4). This action followed on November 1, 2017, with Plaintiff alleging that the ALJ erred by failing to find her disabled. (Dkt. No. 1).

On August 6, 2018, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 10-1) ("Plaintiff's Memorandum"). Defendant filed, on August 10, 2018, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 11-1) ("Defendant's Memorandum"). Plaintiff filed a reply to Defendant's motion for judgment on the pleadings on September 5, 2018. (Dkt. No. 14) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the following, Plaintiff's motion is DENIED; Defendant's motion is GRANTED. The Clerk of Court is directed to close the file.

## DISCUSSION

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error. *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

A.  **<u>Standard and Scope of Judicial Review</u>**

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the factual findings of the Secretary,[2] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

---

[2] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits. *Id.* The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[3] 42 U.S.C. §§ 423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920. *See also Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional

---

[3] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g). The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision. 20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

**B.    Substantial Gainful Activity**

The first inquiry is whether the applicant engaged in substantial gainful activity. "Substantial gainful activity" is defined as "work that involves doing significant and productive physical or mental duties" done for pay or profit. 20 C.F.R. § 404.1510(a)(b). Substantial work activity includes work activity that is done on a part-time basis even if it includes less responsibility or pay than work previously performed. 20 C.F.R. §

6

404.1572(a). Earnings may also determine engagement in substantial gainful activity. 20 C.F.R. § 404.1574. In this case, the ALJ concluded that Plaintiff did not engage in substantial gainful since January 23, 2014, the alleged onset date. (R. 18). Plaintiff does not contest this finding.

**C.**     **Severe Physical or Mental Impairment**

The second step of the analysis requires a determination whether the disability claimant had a severe medically determinable physical or mental impairment that meets the duration requirement in 20 C.F.R. § 404.1509 ("§ 404.1509"), and significantly limits the claimant's ability to do "basic work activities." If no severe impairment is found, the claimant is deemed not disabled and the inquiry ends. 20 C.F.R. § 404.1420(a)(4)(ii).

The Act defines "basic work activities" as "abilities and aptitudes necessary to do most jobs," and includes physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) ("§ 404.1521(b)"), 416.921(b). The step two analysis may do nothing more than screen out *de minimus* claims, Dixon v. Shalala, 54 F.3d 1019, 1030 (2d Cir. 1995), and a finding of a non-severe impairment should be made only where the medical evidence establishes only a slight abnormality which would have no more than a minimal effect on the claimant's ability to work. *Rosario v. Apfel,* 1999 WL 294727, at *5 (E.D.N.Y. March 19, 1999) (quoting Social Security Ruling ("SSR") 85-28, 1985 WL 56856).

In this case, the ALJ determined that Plaintiff suffered from the severe impairments of status post elbow fracture repair, diabetes mellitus, chronic obstructive pulmonary disorder ("COPD") with asthma, and that Plaintiff's obstructive sleep apnea, depression, degenerative disc disease and foot neuropathy impairments were not severe. (R. 18-19). Plaintiff contends that the ALJ's step two findings are erroneous as the ALJ failed to include Plaintiff's neuropathy in step two of the ALJ's disability analysis and correct a gap in the record by obtaining records pertaining to Plaintiff's elbow fracture surgery and physical therapy records relative to Plaintiff's foot neuropathy. Plaintiff's Memorandum at 12-16. Defendant maintains that Plaintiff's mere foot neuropathy diagnosis was not enough to require the ALJ to find Plaintiff's condition a severe impairment under step two of the disability analysis, that it was Plaintiff's duty to provide records to support the severity of Plaintiff's foot neuropathy, and that Plaintiff's counsel confirmed the record was complete during Plaintiff's administrative hearing. Defendant's Memorandum at 9-15. Plaintiff's motion on each of the foregoing issues is without merit.

A plain reading of the record establishes that Plaintiff's foot impairment resulted in nothing more than mild functional limitations. In particular, on May 27, 2015, Jasmin Bir, M.D. ("Dr. Bir"), diagnosed Plaintiff with right lower extremity edema, noted that Plaintiff reported no peripheral neuropathy, and ordered imaging tests the results of which are not in the record. (R. 190). On July 9, 2015, John Schwab, D.O. ("Dr. Schwab"), an osteopath, completed a consultative physical examination on Plaintiff who exhibited a normal gait, was able to walk on her heels and toes without difficulty, used no assistive devices, and was able to get on and off the exam table without assistance.

8

(R. 197).  Plaintiff was first diagnosed with plantar fasciitis (inflammation of tissue connecting the heel and toe), by Dr. Bir on December 1, 2015, who evaluated Plaintiff with a normal gait and station and no foot edema (swelling).  (R. 241). Plaintiff was evaluated with normal gait and station during physical examinations with Dr. Bir on February 23, 2016 (R. 238), Jennifer Henderson, D.O. ("Dr. Henderson"), on March 1, 2017 (R. 210), and Saki Yang, M.D. ("Dr. Yang"), on March 31, 2017.  (R. 230).  The ALJ noted that he considered all of Plaintiff's symptoms in the ALJ's residual functional capacity assessment (R. 21), including Plaintiff's reports to Dr. Bir that she had no peripheral foot neuropathy.  (R. 19).  The ALJ's finding that Plaintiff's foot neuropathy is not a severe impairment is therefore supported by substantial evidence in the record. Plaintiff's motion on this issue is accordingly DENIED.

      Plaintiff further contends that the ALJ erred in affording significant weight to the "stale" opinion of Dr. Schwab, as Dr. Schwab's evaluation on July 9, 2015, took place before Plaintiff first exhibited her foot impairment on December 1, 2015 (R. 241), that the ALJ relied on incomplete records regarding Plaintiff's right foot and left elbow, and failed to obtain a function-by-function assessment regarding Plaintiff's impairments. Plaintiff's Memorandum at 16-19.  Defendant maintains that the ALJ properly relied on Dr. Schwab's finding that Plaintiff had no restrictions to her ability to work as such opinion is supported by substantial evidence in the record, that no gaps exist in the record as Plaintiff's counsel failed to comply with the ALJ's attempts to complete the record, and that the ALJ was not required to obtain a function-by-function assessment of Plaintiff's impairments.  Defendant's Memorandum at 11-21.  Plaintiff's motion is without merit.

The ALJ's determination to assign significant weight to Dr. Schwab's opinion that Plaintiff was able to engage in work is supported by substantial evidence in the record both previous and subsequent to Dr. Schwab's consultative evaluation on July 9, 2015, when Dr. Schwab completed a consultative internal medical examination on Plaintiff and evaluated Plaintiff with full range of motion of the shoulders, wrists, right elbow, hips, knees, and ankles. (R. 198). Plaintiff's right elbow measured 70 degrees upon supination,[4] with full strength of the upper and lower extremities. *Id.* Nearly two months earlier, on May 27, 2015, Dr. Bir first diagnosed Plaintiff with left foot swelling, and noted that Plaintiff reported no peripheral neuropathy. (R. 190-91). Evidence subsequent to and in support of Dr. Schwab's benign findings includes a physical examination on January 9, 2017, by Scott Stewart, M.D. ("Dr. Stewart"), who noted that Plaintiff reported tingling in her feet, exhibited normal gait and station, and referred Plaintiff for a podiatry consultation to establish whether Plaintiff's foot pain was possible neuropathy or weight-induced. (R. 230). On January 18, 2017, Erica Suprenant, DPM ("Dr. Suprenant"), a resident podiatrist at Erie County Medical Center ("E.C.M.C."), completed a physical examination on Plaintiff, noted that Plaintiff reported right heel and foot pain occurring during the first few steps in the morning, and right foot muscle cramps, evaluated Plaintiff with antalgic gait (shortened stance of gait), early heel lift, prescribed meloxicam (anti-inflammatory) for Plaintiff's tendinitis, prescribed diabetic shoes, home exercises, tonic water with quinine for cramping, and referred Plaintiff to physical therapy for evaluation. (R. 223-25). On February 28, 2017, Malik Adnan, D.P.M. ("Dr.

---

[4] Supination is rotating the forearm into a palm-upward position. Normal elbow supination measures between 80 and 90 degrees.

Adnan"), noted that Plaintiff reported improved symptoms with physical therapy and requested additional treatment sessions. (R. 217). Further, with respect to Plaintiff's foot ailment, there is no medical evidence in the record that Plaintiff suffered from any form of foot neuropathy as to negate Dr. Schwab's opinion with respect to Plaintiff's capacity for light work. A plain reading of the record thus establishes that the ALJ's determination to assign significant weight to Dr. Schwab's finding that Plaintiff is capable of light work, is supported by substantial evidence both and after to Dr. Schwab's consultative opinion of July 9, 2015. Plaintiff's motion on this issue is DENIED.

Plaintiff's contention, Plaintiff's Memorandum at 12-16, that the ALJ erred by not developing the record relative to Plaintiff's foot and elbow impairments is also without merit. Disability claimants have the burden of establishing a severe impairment, that is, "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work." 20 C.F.R. § 416.920(c). In this case, during the hearing, the ALJ asked Plaintiff's counsel if the record was complete or any additional documents exist that should be added to the record, to which Plaintiff's counsel replied "no." (R. 34). Nothing further was required of the ALJ. *Hurd v. Astrue*, 2013 WL 321573, at *3 (W.D.N.Y. Jan. 28, 2013) (citing *Streeter v. Commissioner of Social Security*, 2011 WL 1576959, at *4 (N.D.N.Y. Apr. 26, 2011) (no remand where ALJ asks Plaintiff's counsel if the record is complete and counsel responds in the affirmative)).

Plaintiff's further contention that the ALJ was required to obtain a function-by-function assessment from one of Plaintiff's treating physicians, Plaintiff's Memorandum at 18, is also without merit. In instances such as here, where the claimant's treating

physicians do not provide specific function-by-function assessments of the claimant's residual functional capacity, but the medical record is extensive enough to support an informed residual functional capacity finding by the ALJ, remand is not appropriate. *Tankisi v. Commissioner of Social* Security, 521 F. App'x. 29, 34 (2d Cir. 2013) (citing *Lowry v. Astrue*, 474 F. App'x 801, 804 (2d Cir. 2012); *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999)). Plaintiff's motion on this issue is therefore DENIED.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 10) is DENIED; Defendant's motion (Doc. No. 11) is GRANTED. The Clerk of Court is directed to close the file.

So Ordered.

             /s/ *Leslie G. Foschio*

             LESLIE G. FOSCHIO
           UNITED STATES MAGISTRATE JUDGE

DATED:  May 22, 2019
       Buffalo, New York